UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
BETTY ALEXIDOR, *pro se*,

                    Plaintiff,

      -against-

U.S. OFFICE OF PERSONNEL
MANAGEMENT; JOHN BERRY; ELAINE
KAPLAN; SUCCESSOR,

                    Defendants.
---------------------------------------------------------- x

**MEMORANDUM AND ORDER**
13-CV-4027 (DLI)(SMG)

**DORA L. IRIZARRY, U.S. District Judge:**

On July 9, 2013, *pro se* plaintiff Betty Alexidor ("Plaintiff") filed the instant complaint against the U.S. Office of Personnel Management ("OPM") and its current and former directors, alleging that her constitutional rights were violated when she was an employee at the U.S. Postal Service ("USPS"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. As detailed below, because it is unclear what causes of action Plaintiff seeks to assert in her complaint, Plaintiff is granted leave to file an amended complaint with the Court by no later than September 30, 2013.

## BACKGROUND

The following facts are set forth in Plaintiff's complaint and request to proceed *in forma pauperis*. During 2007 and 2008, Plaintiff was employed by the USPS in Westchester County, New York. (Compl. at 2, Docket Entry No. 1.) Plaintiff alleges she was wrongfully terminated from USPS, but is currently receiving monthly payments from a federal workers' compensation program. (*Id.* at 3; *In Forma Pauperis* Request at 1-2, Docket Entry No. 2.) Plaintiff's complaint makes reference to the Fifth Amendment, parental rights, benefits, discrimination,

retaliation, and the No FEAR Act.  The entire allegations of facts made in support of this action are set forth as follows:

> When I was out giving birth to my daughter, I was ticketed by USPS as to be on personal leave.  When I was out on injury on the job, I was ticketed as to be on personal leave.  As a result, I lost benefits, decreased in salary, went without pay, delayed payments, deleted payments, indebted to USPS for several thousands of dollars.  Anthony Disanzo was demoted for stealing employees time and issues continued under other management officials.  Some indebt[ed]ness was at sometimes paid, but not reimbursement or relief give by OPM.  OPM fail to protect me from discrimination & retaliation under the No FEAR Act.  OPM fail to notify and train me and to conduct a study of best practices in the executive branch for taking disciplinary action against employees for conduct that is inconsistent with employment discrimination and retaliation protection.

(Compl. at 3.)

The relief Plaintiff seeks is "proper accounting [and] . . . .restoration of entitlements," "[t]o preserve [her] employment status, [and her] retirement status," and "injunction relief of my parental rights by reimbursing all overpayments, interest and liquidated amount, so I can raise my children as I see fit."  (*Id.* at 4.)

## DISCUSSION

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  However, Section 1915(e)(2)(B) of Title 28 of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679 (quotation marks omitted).

A plaintiff, even if proceeding *pro se*, must also establish that the court has subject matter jurisdiction over the action. *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007); *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, . . . a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted).

Despite the Court's review of the complaint under the liberal *pro se* standard set forth above, it is unclear what claims Plaintiff seeks to assert in her complaint. As an initial matter, to the extent Plaintiff seeks a determination regarding custody of her children or "parental rights," federal courts generally lack subject matter jurisdiction over such claims. "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations

3

exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

The complaint refers to the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("No FEAR Act" or "Act"), 5 U.S.C. § 2301 *et seq.* The few courts that have considered claims made under the No FEAR Act universally recognize that the Act "does not create a substantive right for which the government must pay damages, but rather, it requires that federal agencies repay any discrimination or whistleblower damage awards out of agency funds rather than the General Fund of the Treasury." *Glaude v. United States*, 248 F. App'x 175, 177 (Fed. Cir. 2007); *Moore v. Grundman*, 2013 WL 2177775, at *7 (S.D. Cal. May 20, 2013); *Baney v. Mukasey*, 2008 WL 706917, at *6-7 (N.D. Tex. Mar. 14, 2008); *Mills v. Barreto*, 2004 WL 3335448, at *3 (E.D. Va. Mar. 8, 2004). Plaintiff's No FEAR Act claim therefore is dismissed.

To the extent Plaintiff seeks to raise an employment discrimination claim, Plaintiff first must exhaust her administrative remedies before bringing a claim against the federal government in this Court. *Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000) (recognizing that plaintiffs bringing discrimination claims against the federal government must exhaust administrative remedies within certain time limits prior to bringing claims in federal court (citing 29 C.F.R. § 1614.105(a)(1)). If Plaintiff's claim is based solely on alleged employment discrimination, then she must name the head of the federal agency, department, or unit where she was employed, the basis for the alleged discrimination, and the date she filed a charge of discrimination with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-16(c). If available, Plaintiff must also attach copies of any notices, decisions, or orders received. Plaintiff is granted leave to amend the complaint in connection with any viable alleged employment discrimination claim, complying with

4

the requirements set forth above. Plaintiff is encouraged to utilize the employment discrimination complaint form that has been attached for her convenience when filing her amended complaint.

Liberally construing the instant *pro se* complaint, Plaintiff seems to allege violations of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"), claiming defendants failed to restore her to the same position or salary, or an equivalent position or salary, upon her return from work after certain medical leaves of absence (childbirth and a possible work related injury). The FMLA was enacted "to balance the demands of the workplace with the needs of families" and to "entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(1)–(2). To this end, the FMLA affords eligible employees "a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* § 2612. To qualify as an "eligible employee," the employee must have been employed (1) "for at least 12 months by the employer," and (2) "for at least 1,250 hours of service with such employer during the previous 12-month period." *Id.* § 2611. Plaintiff has failed to allege in the complaint that she qualified for coverage under the FMLA. However, in light of her *pro se* status, Plaintiff is granted leave to amend the complaint to raise any viable FMLA claim, complying with the requirements set forth above.

Finally, the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Plaintiff's amended complaint must provide facts

5

sufficient to allow each defendant to have a fair understanding of what factual circumstances Plaintiff is complaining about and to know whether there is a legal basis for recovery.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's No FEAR Act and "parental rights" claims are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). Plaintiff is also granted leave to amend the complaint as to any viable employment discrimination and FMLA claims. In order for this action to continue, PLAINTIFF MUST FILE AN AMENDED COMPLAINT NO LATER THAN SEPTEMBER 30, 2013. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For the convenience of Plaintiff, a copy of instructions on "How to Amend Your Complaint" is attached. If Plaintiff fails to comply with this Order within the time allowed, the complaint will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to hold the closing of this case in abeyance pending Plaintiff's compliance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
August 29, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge